Miriam L. Schimmel (SBN 185089)
Miriam.Schimmel@capstonelawyers.com
Katherine DenBleyker (SBN 257187)
Katherine.DenBleyker@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiff Edward Engquist

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ENGQUIST, individually, and on behalf of all other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXPRESS SCRIPTS, INC., a Delaware corporation; EXPRESS SCRIPTS SERVICES COMPANY, a Delaware corporation,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>(1) Violation of 47 U.S.C. § 227 *et seq*. (Telephone Consumer Protection Act)<br><br>**Jury Trial Demanded As to All Claims So Triable** |

## NATURE OF THE ACTION

1. This class action is brought under Federal Rule of Civil Procedure 23. Plaintiff seeks damages, including interest, injunctive relief, attorneys' fees and costs, and all other legal or equitable relief resulting from the illegal actions of EXPRESS SCRIPTS, INC. and/or EXPRESS SCRIPTS SERVICES COMPANY ("Defendants") in negligently and/or knowingly and/or willfully contacting Plaintiff and class members on their personal cellular telephones without prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").

2. In 1991, Congress enacted the TCPA to respond to a growing number of consumer complaints about telemarketing. The TCPA was enacted to regulate, among other things, the use of automated telephone equipment and the use of automated voice messages to make non-emergency telephone calls to consumers without their prior express consent. These types of unsolicited and unauthorized telephone calls are inconvenient, bothersome, annoying, harassing, and can be costly to consumers.

3. Pursuant to the TCPA, using any automatic telephone dialing system or an artificial or prerecorded voice to make non-emergency telephone calls is prohibited unless the consumer has given prior express consent. Indeed, the Federal Communications Commission has reiterated in a Declaratory Ruling that auto-dialed or pre-recorded telephone calls to a cellular telephone number are prohibited unless made with "prior express consent" of the consumer. See FCC Declaratory Ruling, 23 F.C.C.R. at 564-65.

4. Plaintiff and class members each received one or more non-emergency telephone calls from Defendants via an automatic telephone dialing system and/or an artificial or prerecorded voice to Plaintiff and class members' cellular telephones (sometimes referred to herein as "unsolicited robocalls"). Plaintiff and class members did not give prior express consent to receive these

telephone calls.

5. Plaintiff, individually and on behalf of all class members, seeks all available remedies as set forth below to recover damages, obtain restitution, and to enjoin Defendants' unlawful business practices.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 as Plaintiff has pleaded a violation of federal statute 47 U.S.C. § 227 *et seq*. Moreover, jurisdiction is proper pursuant to § 1332(d)(2) as the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and this action is a class action in which members of the class of plaintiffs are citizens of states different from Defendants. Plaintiff is a California resident and Defendants EXPRESS SCRIPTS, INC. and EXPRESS SCRIPTS SERVICES COMPANY are both Delaware corporations with their principal places of business in St. Louis, Missouri.

7. This Court has personal jurisdiction over Defendants because they are authorized to do business, and currently do business, in this State.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because many of the acts alleged, including the unauthorized phone calls, occurred in this District.

## PARTIES

9. Edward Engquist is a resident of Penn Valley, California which is located in Nevada County, California.

10. Defendant EXPRESS SCRIPTS, INC. is incorporated in the State of Delaware and is headquartered in St. Louis, Missouri. EXPRESS SCRIPTS, INC. is authorized to do, and is in fact does, substantial business in the State of California.

11. Defendant EXPRESS SCRIPTS SERVICES COMPANY is incorporated in the State of Delaware and is headquartered in St. Louis,

Missouri.  EXPRESS SCRIPTS SERVICES COMPANY is authorized to do, and in fact does, substantial business in the State of California.

12.     Whenever, in this Complaint, reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of their officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of Defendants.

## FACTUAL BACKGROUND

13.     Defendants describe themselves as a "pharmacy benefit manager" for insurers, employers, and government and private health programs. Defendants also claim that they "coordinate the distribution of prescription drugs" by providing a variety of services including clinical management programs, retail drug card programs, and home delivery of maintenance medications, etc.

14.     A core part of Defendants' business is the service of providing direct home delivery of medications via the mail as an alternative to "brick and mortar" pharmacies.

15.     On information and belief as part of their marketing efforts and in connection with their day-to-day business operations, Defendants have engaged in a systematic practice of using automatic telephone dialing systems and/or artificial or pre-recorded voices to contact consumers on their personal cellular telephones.  For example, some consumers may receive an unsolicited robocall from Defendants to their personal cellular telephones inquiring as to whether they wish to sign up for Defendants' services.  In other instances consumers who typically patronize drug stores may suddenly receive an unsolicited robocall from Defendants on their personal cellular telephones about the prescription information they gave to the drug store, instructing them that

their prescriptions are ready and to contact Defendants.

16. Defendants' conduct is illegal and violates the TCPA.

17. Accordingly, Plaintiff seeks actual and/or compensatory damages, restitutionary and equitable relief, costs and expenses of litigation, attorneys' fees and all other available relief for Plaintiff and Class Members.

## PLAINTIFF'S FACTS

18. Edward Engquist currently resides in Penn Valley, California.

19. Prior to the illegal phone calls described more fully below, Plaintiff was a patron of an independent pharmacy close to his home, and regularly picked up his prescriptions in person from that pharmacy. Suddenly and without notice, in approximately November of 2011, Plaintiff began to receive telephone calls on his personal cellular telephone from Defendants about his prescription information. The phone calls used an artificial pre-recorded voice and, on information and belief, were placed by an automatic dialing system. The pre-recorded voice informed Plaintiff that his prescriptions were ready and to contact Defendants, among other things. The phone calls were not for emergency purposes.

20. Prior to receiving these unsolicited robocalls from Defendants, Plaintiff had no existing business relationship with Defendants. Moreover, at no time prior to the unsolicited robocalls did Plaintiff provide prior express consent to Defendants to contact him. Because the phone calls were pre-recorded, Plaintiff had no ability to request that the calls end or voice his complaints about the calls to a live person at that time.

21. Soon after receiving several unsolicited robocalls from Defendants, Plaintiff contacted Defendants in order to stop further calls. However, the unsolicited robocalls continued and as of this date Plaintiff estimates that he has received over forty unsolicited robocalls from Defendants. Despite Plaintiff's efforts to stop these calls, the unsolicited robocalls continue.

22. Plaintiff, on behalf of himself and on behalf of all class members seeks all available remedies as set forth below to recover damages, obtain restitution, and to enjoin Defendants' unlawful business practices.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action, individually and on behalf of all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

24. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All persons residing in the United States who, within four years prior to the filing of Plaintiff's original complaint in this action, received one or more non-emergency calls on their cellular telephone from Defendants using any automatic telephone dialing system or an artificial prerecorded voice, and where Defendants' records do not reflect any prior express consent to receive such calls.

25. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

26. Plaintiff reserves the right to amend the Class definition or to add subclasses if discovery and further investigation reveals such action appropriate.

27. This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

28. The exact number of Class Members is presently unknown, but given published reports regarding Defendants' sales, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is

impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

29. This action involves common questions of law and fact, including the following:

    (a)    Whether Defendants made and are making non-emergency telephone calls to Plaintiff's and class members' cellular telephones using an automated telephone dialing system, pre-recorded voices, and/or artificial voices;

    (b)    Whether Defendants can meet their burden of showing that they obtained prior express consent to make such calls;

    (c)    Whether Defendants' conduct was knowing and/or willful;

    (d)    Whether Defendants violated the TCPA, 47 U.S.C. § 227 *et seq.*

    (e)    Whether Plaintiff and Class Members are entitled to legal and/or equitable relief, and the amount and nature of such relief; and,

    (f)    Whether Plaintiff and Class Members are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of this suit.

30. Plaintiff's claims are typical of those of the Class because Plaintiff and the Class all received one or more non-emergency telephone calls from Defendants on their personal cellular telephones, without having given prior express consent, and which were made using an automated telephone dialing system and/or a pre-recorded or artificial voice.

31. Plaintiff will adequately protect the interests of the Class and has retained counsel experienced in consumer class action litigation.  Plaintiff has no interests that are adverse to or conflict with those of the Class.  Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff

has retained counsel who are competent and experienced in handling class actions on behalf of consumers.

32. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the amount suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

33. In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) because:

(a) The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant;

(b) The prosecution of separate actions by individual Class Members would create a risk of adjudications as to them which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

(c) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to Class Members on a mandatory, class-wide basis.

Page 7
CLASS ACTION COMPLAINT

34. Plaintiff is not aware of any difficulty which will be encountered in the management of this litigation which should preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

## Violation of the Telephone Consumers Protection Act

## (47 U.S.C. § 227)

35. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

36. The TCPA, 47 USC § 227 subsection (b)(1) provides:

> **(b) Restrictions on use of automated telephone equipment**
> **(1) Prohibitions**
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> **(i)** to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);
> **(ii)** to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or
> **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

37. The TCPA provides a private right of action to consumers, including Plaintiff, who have suffered a violation as follows:

> **(3) Private right of action**
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> **(C)** both such actions.
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

38. As set forth above, Defendants have committed numerous negligent, knowing, and/or willful violations of the TCPA, 47 USC § 227 subsection (b)(1) as to Plaintiff and class members.

39. Defendants have engaged in a pattern of making non-emergency telephone calls to Plaintiff and Class Members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice.

40. Plaintiff and Class Members have not provided Defendants with prior express consent to make such calls.

41. Accordingly, Plaintiff is entitled to pursue a private right of action on behalf of himself and Class Members for statutory damages, injunctive relief, and all other legal and equitable relief as appropriate.

## PRAYER FOR RELIEF

Plaintiffs prays for judgment as follows:

1. An order certifying this case as a class action and appointing Plaintiff as class representative and Plaintiff's counsel to as class counsel;

    2.    An order directing Defendants to cease and desist from the illegal telephone calls alleged in this complaint;

    3.    An order enjoining Defendants from continuing the unlawful practices set forth herein;

    4.    An order awarding Plaintiff and Class Members the greater of actual or statutory damages in an amount according to proof at trial;

    5.    An order awarding treble damages to the extent Defendants' conduct as alleged herein was done knowingly or willfully

    6.    An order awarding pre- and post-judgment interest for the appropriate claims;

    7.    An order awarding attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

    8.    For such other and further relief as the Court deems just and proper.

Dated:  March 26, 2013

Respectfully submitted,

Capstone Law APC

By: _____
Miriam L. Schimmel
Katherine DenBleyker

Attorneys for Plaintiff Edward Engquist

# DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated:  March 26, 2013

Respectfully submitted,

Capstone Law APC

By: _____
Miriam L. Schimmel
Katherine DenBleyker

Attorneys for Plaintiff Edward Engquist